UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANTE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4139-JBM |
| | ) |
| STUART INMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, and currently at the Rock Island County Jail, files a complaint alleging excessive force, failure to protect, and deliberate indifference to his serious medical needs at the Livingston County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 12, 2019, Plaintiff was in the custody of the Jail when Defendant Superintendent Inman ordered Defendant Officers Melvin and Potts to escort Plaintiff to the booking area shower room. Plaintiff, who had his hands cuffed behind his back, claims that Defendants began to verbally and physically assault him. Defendant Inman allegedly ordered Defendants Melvin and Potts to press Plaintiff up against the wall. Defendant Inman, then

1

slammed Plaintiff to the ground, pulled off his pants underwear and socks, and began kicking him in the buttocks. Plaintiff recently had surgery to his small finger and claims that one of the surgically placed pins was broken in the attack.

On Defendant Inman's orders, Plaintiff was picked up and slammed against the wall, injuring his penis. Defendant Inman also punched Plaintiff between the buttocks with a short black object. Plaintiff was thereafter placed in a restraint chair and, although he was complying with orders, Defendant Inman began choking him. Plaintiff claims that he was nearly choked unconscious and bit a chunk of flesh from his bottom lip. Plaintiff alleges that Defendants Niles and Harmon were present at the time.

Plaintiff was thereafter taken to a special management cell where he asked to be seen by a nurse. When the nurse arrived, Defendants Inman, Melvin, Potts, and Niles told the nurse to "just stand there because it's on camera," apparently instructing the nurse not to provide aid, but to make it appear as though he were doing so. Plaintiff claims that he was denied medical attention for approximately 2 weeks.

Plaintiff filed a grievance of the matter. He indicates, however, that it was investigated by Defendant Harmon, who had assisted in strapping Plaintiff into the restraint chair. Defendant Harmon denied the grievance and indicated he would deny any allegations Plaintiff might make. Plaintiff requests money damages in the amount of $5,000,000.

## ANALYSIS

As Plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, (2nd Cir. 2017). Fourteenth Amendment medical and excessive force claims are reviewed under an objective reasonableness standard. A Plaintiff need

establish only that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2466. (Emphasis in original).

Here, Plaintiff states a colorable claim that Defendants Inman, Melvin and Potts exerted excessive force against him, as he pleads that Defendants acted maliciously and sadistically to cause him harm, rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 1-2, 112 S. Ct. 995, 996, 117 L. Ed. 2d 156 (1992). Plaintiff also states a claim against Defendants Niles and Harmon for their failure to intervene. To be liable for failure to intervene, a defendant must have known of the unconstitutional conduct; had a realistic opportunity to prevent the harm; failed to take reasonable steps to prevent the harm; and that the failure actually caused harm to plaintiff. *Watkins v. Ghosh*, No. 11- 1880, 2014 WL 840949, at *3 (N.D. Ill. Mar. 4, 2014) (internal citation omitted). This is so, as Plaintiff pleads that Defendants Niles and Harmon were present while he was strapped into a restraint chair and Defendant Inman choked him.

Plaintiff also states a colorable claim that Defendants Inman, Melvin, Potts and Niles were deliberately indifferent to his serious medical needs. Plaintiff alleges that a surgically implanted pin in his small finger was broken during the attack and he suffered injury to his buttocks and penis. While Defendants called a nurse to see Plaintiff, they instructed the nurse to only pretend that he was providing care to Plaintiff.

While Plaintiff identifies an Officer Long in the caption, he pleads no allegations against him. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810

(7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claims against Defendants Inman, Melvin and Potts; the failure to intervene claims against Defendants Niles and Harmon; and the deliberate indifference claims against Defendants Inman, Melvin, Potts and Niles. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Long is DISMISSED.

2. Plaintiff's Motions for Status [5], [7], [8] and [9] are rendered MOOT by this order. Plaintiff's [10], motion for recruitment of pro bono counsel is DENIED as Plaintiff does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding

address.  his information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    9.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES, AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILIT ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/3/2020
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE